David A. Devine
Groh Eggers, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Telephone: (907) 562-6474
Facsimile: (907) 562-6044
devined@groheggers.com

**ATTORNEYS FOR DEFENDANT,
SCHLUMBERGER TECHNOLOGY
CORPORATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF ALASKA

| | |
|---|---|
| **CHRISTOPHER FARRIS and CALEB SAUNDERS, on behalf of themselves and others similarly situated,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**SCHLUMBERGER TECHNOLOGY CORPORATION, AARON BOOGAERTS, and SHERRI ROSS,**<br><br>**Defendants.** | Case No. 3:15-cv-_____ (_____)<br><br>(Superior Court No. 3AN-15-11175 CI) |

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes SCHLUMBERGER TECHNOLOGY CORPORATION ("STC" or "Defendant"), who pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, files this Notice of Removal hereby removing this action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to the United States District Court for the District of Alaska, and in support of removal states the following:

1.

On December 8, 2015, plaintiffs Christopher Farris ("Farris") and Caleb Saunders ("Saunders," together with Farris, the "Plaintiffs") filed a summons and complaint captioned *Christopher Farris and Caleb Saunders, on behalf of themselves and others similarly situated, v. Schlumberger Technology Corporation, Aaron Boogaerts, and Sherri Ross*, in the Third Judicial District at Anchorage, Superior Court for the State of Alaska. A copy of the Summons is attached hereto as Exhibit "A," and a copy of the Complaint is attached hereto as Exhibit "B." STC was served with a copy of the Summons and Complaint on December 14, 2015.

2.

Pursuant to its Complaint, Plaintiffs purport to set forth claims under the Alaska Wage and Hour Act, Alaska Stat. § 23.10.050, *et seq.*, and allege that they were employees of STC who worked in excess of eight (8) hours per day and forty (40) hours per week, but allege that they were not paid overtime compensation.

A.     **The Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(d)[1]**

3.

In their Complaint, Plaintiffs caption the lawsuit in their own names and "on behalf of themselves and others similarly situated." Plaintiffs state this again in the introductory paragraph to their Complaint and in their prayer for relief. *See* Exhibit "B."

---

[1] Considering the paucity of Plaintiffs' allegations in the Complaint, STC may have additional grounds for removing this case to federal court that may become apparent as the Plaintiffs file future pleadings with the Court.

2

As such, the Complaint, on its face, seeks class relief pursuant Rule 23. Defendants aver that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

4.

In 2005, Congress passed the Class Action Fairness Act ("CAFA"), which expanded federal jurisdiction over diversity class actions. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010). Under CAFA, federal courts have diversity jurisdiction over a class action when (1) the matter in controversy exceeds the sum of $5,000,000.00, (2) there is diversity of citizenship between at least one plaintiff and one defendant, (3) the primary defendants are not states, state officials, or other governmental entities, and (4) the number of members of the proposed plaintiff class in the aggregate is at least 100. *Bey v. SolarWorld Industries America, Inc.*, 904 F. Supp. 1103, 1105 (D. Or. 2012) (citing 28 U.S.C. § 1332(d)(1), (2), and (5); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 & n3 (9th Cir. 2007)). "A defendant seeking to remove a case under CAFA must file a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Kogan v. Allstate Fire & Cas. Ins. Co.*, No. C15-5559 BHS, 2015 WL 6870760, *2 (W.D. Wash. Nov. 9, 2015). *See also, Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (holding that removing party must file a notice of removal containing a short and plain statement of the grounds for removal).

3

### 1. There is Diversity of Citizenship Between One Plaintiff and One Defendant.

5.

Plaintiffs do not allege what state (or states) they are citizens of, however, based on a review of Defendant's records, Farris is a citizen of the State of Alaska and Saunders is also a citizen of the State of Alaska.

6.

Defendant is a corporation organized under the laws of the State of Texas and with its principal place of business in the State of Texas.

7.

Accordingly, there is diversity of citizenship between at least one plaintiff and one defendant.[2]  28 U.S.C. § 1332(d)(2).

### 2. The Number of Members of the Proposed Class Exceeds 100 Members.

8.

In their Complaint, Plaintiffs state in the caption that they are bringing this action on behalf of themselves and "others similarly situated."  *See* Exhibit "B."  Plaintiffs allege again in the introductory paragraph that they are bringing this action on behalf of themselves and "others similarly situated."  *Id.*  It is apparent from the Plaintiffs' use of this language that they intend to proceed with this action as a class action lawsuit.

---

[2] Plaintiffs have also named two individuals, Aaron Boogaerts and Sherri Ross, as defendants in this matter.  While Mr. Boogaerts is a citizen of the State of Alaska and Ms. Ross is a Canadian citizen, their citizenship is of no import to the analysis at this time because all that is required is that there be diversity of citizenship between one plaintiff and one defendant, which is satisfied.

4

9.

Farris and Saunders were employed by STC as part of STC's wireline operations in Alaska. The individual defendants, Aaron Boogaerts and Sherri Ross, are and were the Operations Manager for STC's wireline operations in Alaska.

10.

The applicable statute of limitations for Plaintiffs' claims under the Alaska Wage and Hour Act is two (2) years. Alaska Stat. § 23.10.130 ("An action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under AS 23.10.050 – 23.10.150 is forever barred unless it is started within two years after the cause of action accrues. For the purposes of this section an action is considered to be started on the date when the complaint is filed.").

11.

Assuming for the purpose of this Notice of Removal, the class Plaintiffs seek to represent would be defined as "All persons who worked in STC's wireline operations in Alaska for the past two (2) years." Utilizing that definition, the putative class has at least 167 members.

12.

Using this definition of the class, the class exceeds 100 members.

### 3. The Amount in Controversy Exceeds $5,000,000.00

13.

In order to satisfy CAFA's amount in controversy requirement, a defendant "must plausibly allege in the notice of removal that the amount in controversy exceeds

5

$5,000,000.00.  *Kogan v. Allstate Fire & Cas. Ins. Co.*, No. C15-5559 BHS, 2015 WL 6870760, *2 (W.D. Wash. Nov. 9, 2015).  As noted above, a removing party must file a "short and plain statement of the grounds for removal."  *Dart Cherokee Basin*, 135 S. Ct. at 553.  With respect to the jurisdictional amount, the Supreme Court held in *Dart Cherokee Basin* that a party must only provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and that the removing party is not required to submit evidence to support the amount in controversy allegation in the notice of removal.  *Id.* at 553-54.

14.

Plaintiffs allege in their Complaint that they have suffered damages "in excess of $100,000."  Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…."

15.

Using the Plaintiffs' sum that was demanded in good faith in the initial pleading, the amount in controversy exceeds $5,000,000.00.  Assuming that the sum demanded by Plaintiffs in the Complaint is an aggregate figure—such that damages are alleged to be "in excess of" $50,000 per named plaintiff—and taking into account that the assumed class is made up of approximately 167 members, the total amount in controversy, based on Plaintiffs' allegations, would be $8,350,000.00.  This amount exceeds the $5,000,000.00 threshold required to establish subject matter jurisdiction under CAFA.

6

### 4. The Defendants Are Not States, State Officials, or Other Governmental Entities.

16.

The named Defendants in this matter, STC, Aaron Boogaerts, and Sherri Ross are not states, state officials, or other governmental entities.

17.

STC is a corporation that provides services related to the oilfield industry. Defendants Aaron Boogaerts and Sherri Ross are employees of STC.

18.

As a result, STC has satisfied all of the elements to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

19.

Defendants Aaron Boogaerts and Sherri Ross consent to the removal of this case to this Court.

20.

Removal to the United States District Court for the District of Alaska is an appropriate venue pursuant to 28 U.S.C. § 1391, and § 1441(a) and § 1446(a).

21.

Pursuant to 28 U.S.C. § 1446, this Notice of Removal and the attached copies of all process, pleadings, and order received by STC, see Exhibits "A" and "B," comply with the requirements of § 1446(a).

22.

Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely because it is filed within thirty (30) days after the filing of the Complaint.

23.

Pursuant to 28 U.S.C. § 1446(d) a notice of removal will be filed in the Superior Court, Third Judicial District at Anchorage, State of Alaska and served upon Plaintiffs through their counsel of record.

**WHEREFORE**, Defendant Schlumberger Technology Corporation, preserving all rights and without waiving any of its procedural or substantive rights or defenses, prays for removal of the above captioned proceeding from the Superior Court, Third Judicial District at Anchorage, State of Alaska, to the United States District Court for the District of Alaska.

Respectfully submitted this 13th day of January, 2016.

        GROH EGGERS, LLC

        Attorneys for Defendant Schulmberger Technology Corporation

        By: /s/ David A. Devine
            David A. Devine (AK Bar No. 7906015)
            GROH EGGERS, LLC
            2600 Cordova Street, Suite 110
            Anchorage, AK  99503
            Telephone:  (907) 562-6474
            Facsimile:  (907) 562-6044
            devined@groheggers.com

I HEREBY CERTIFY that on January 13, 2016,
a copy of the foregoing was served **by first class mail** on:

Kenneth W. Legacki, Esq.
425 "G" Street, Suite 920
Anchorage, AK  99501

Attorneys for Plaintiff

 /s/ David A. Devine