# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHRISTOPHER FARRIS and CALEB SAUNDERS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION, AARON BOOGAERTS, and SHERRI ROSS,<br><br>Defendants. | Case No. 3:16-cv-0012- RRB<br><br>**ORDER GRANTING MOTION FOR MORE DEFINITIVE STATEMENT AT DOCKET 10** |

Before the Court at **Docket 10** is Defendants' Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for a More Definitive Statement. Plaintiffs oppose at Docket 16 and Defendants reply at Docket 21. Plaintiffs have also filed a Motion to Remand at this matter back to the Superior Court for the State of Alaska at **Docket 15**. Defendants oppose remand at Docket 22 and Plaintiffs reply is at Docket 27.

## I. BACKGROUND

On December 8, 2015, Plaintiffs Christopher Farris and Caleb Saunders filed a Complaint on behalf of themselves and "others similarly situated" against their employer Schlumberger Technology Corporation ("STC"), Aaron Boogaerts, and Sherri Ross, in the

Third Judicial District at Anchorage, Superior Court for the State of Alaska. Boogaerts and Ross are the current and former operations managers, respectively, for STC's wireline and slickline segment in Alaska. STC was served with a copy of the Summons and Complaint on December 14, 2015.

The Complaint is succinct and contains three "factual" allegations. First, Plaintiffs allege they were employed by STC. Second, Plaintiffs allege they worked in excess of eight (8) hours a day and forty (40) hours per week without receiving overtime compensation. And third, Plaintiffs allege that they have suffered damages as a result of alleged conduct by STC. Plaintiffs allege that STC failed to pay Plaintiffs overtime compensation thereby violating the Alaska Wage and Hour Act, Alaska Stat. § 23.10.050, et seq. ("AWHA").

STC, with the consent of Defendants Boogaerts and Ross, removed the case to this Court on January 13, 2016, thirty days after Plaintiffs served the Complaint on STC. STC removed this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), asserting that Plaintiffs, on the face of the Complaint, seek class relief and there is minimal diversity, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000.00.

Defendants now come before the Court, at Docket 10, moving to dismiss this matter under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Alternatively, Defendants move to have the Court order Plaintiffs to provide a more definitive statement pursuant to Rule 12(e). Plaintiffs oppose and

have moved to have this matter remanded to state court, asserting that this matter does not meet the prerequisites necessary to establish original diversity jurisdiction over this class action, and alternatively that this matter lies within an exception to CAFA.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Jones v. Bock*, 549 U.S. 199, 215 (2007). In deciding the motion, not only must a court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff. *Holden v. Hagopian*, 978 F.2d 1115, 1118 (9th Cir. 1992) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

However, a party may also "move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). In other words, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definitive statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

As for this Court's jurisdiction, "CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, ⸺ U.S. ⸺, ⸺, 135 S. Ct. 547, 552, 190 L. Ed. 2d 495 (2014). These elements are mandatory prerequistes under CAFA and an absence of any element is fatal to federal jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007).

**III.   DISCUSSION**

While the Complaint is succinct, the Court does not find it is unclear as to Plaintiffs Farris and Saunders. It is clear that they are asserting they were entitled to overtime compensation and generally speaking an employee need only allege they worked more than 40 hours a week and were not paid overtime. *Solis, Sec'y of Labor v. Washington,* 656 F.3d 1079, 1083 (9th Cir. 2011). However, Plaintiffs Farris and Saunders bring this matter not only on their own behalf but on behalf of "others similarly situated."

By seeking to enlarge this matter to a class action, Plaintiffs must actually provide some details on the other "similarly situated" potential class members. "To maintain a class action, the existence of the class must be pleaded and the limits of the class must be defined with some specificity." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1041 (9th Cir. 2014). Plaintiffs have provided no detail in the Complaint to allow Defendants to identify the potential class. This is evident in the fluctuating number Defendants assert as

a basis for removal to this Court under CAFA. Defendants have indicated a potential class size ranging from forty-eight (48) employees in Alaska with the same job title as Plaintiffs to three hundred and four (304) employees company-wide who were classified as exempt and therefore not paid overtime. Specificity as to the potential class becomes critical in the Court's review of Plaintiffs own motion to remand, which asserts that there are less than 100 potential class members in this suit and therefore no federal jurisdiction under CAFA. A more definitive statement regarding the class that Plaintiffs Farris and Saunders purport to represent would be beneficial to the Court and all parties.

## IV. CONCLUSION

Therefore, Defendants' Motion for a More Definitive Statement is at **Docket 10** is **GRANTED**. Plaintiffs are ordered to amend their complaint to provide a more definitive statement regarding the class they purport to represent on or before **September 9, 2016**. Accordingly, Defendants' Motion to Dismiss at **Docket 10** and Plaintiffs' Motion to Remand at **Docket 15** are both hereby **DENIED** without prejudice.

**IT IS SO ORDERED** this 9th day of August, 2016.

> S/RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE